**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAN 1 4 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No. 09-30183-MJR |
| | ) | |
| THE FOUR L's, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorneys for the Defendant have engaged in discussions and have reached an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

### I.

1.      The Defendant, through its authorized representatives, will cooperate fully with the Government. The Defendant agrees and acknowledges that its obligation to cooperate requires it, through its authorized representatives, to provide complete and truthful testimony under penalty of perjury before any Grand Jury or in any trial proceeding. Furthermore, the Defendant understands that this agreement requires it, through its authorized representatives, to testify concerning all criminal activity about which it knows, whether or not the Defendant was itself involved.

2.      The Defendant also agrees and acknowledges that its obligation to cooperate requires it, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which it knows. The Defendant agrees that any such information it provides law enforcement agencies will be complete and truthful.

3.      Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant is involved or about which it knows. The Defendant agrees and acknowledges that such cooperation shall include, but not be limited to, the following, if requested by the Government:

    (a)    prompt production to the Government of any non-privileged document or record in the possession, custody, or control of the Defendant relating to the subject matter of the investigation;

    (b)    prompt production to the United Sates of copies of all reports, memoranda of interview, and other documents in its possession, custody, or control concerning any investigation of the subject matter of the Information which the Defendant has undertaken, or which has been performed by its counsel or other agent, and waives any rights or privileges which otherwise apply to such production. To the extent that the Defendant is bound by a joint defense agreement, it shall not be required to disclose attorney-client privileged communications of other defendants, targets, or subjects;

    (c)    taking all reasonable measures available to the Defendant to ensure that present and former officers, directors, agents, and employees of the Defendant cooperate truthfully and completely with the Government in conjunction with ongoing investigations and prosecutions, including any non-attorney personnel who participated in or conducted any internal investigation of the subject matter of the Superseding Indictment; and,

    (d)    taking all reasonable measures available to the Defendant to make its officers, directors, and employees available to present testimony at any trial proceedings, where requested by the Government upon reasonable notice. Provided, however, notwithstanding any provision of this agreement, that the Defendant is not required to request that its present or former officers, directors, or employees forego seeking the advice of an attorney, or take any action in response to their officers, directors, or employees seeking legal advice.

2

4.      The Defendant further agrees that its obligation to cooperate includes providing information concerning its knowledge of criminal activity in the Southern District of Illinois, and elsewhere, including, but not limited to, all federal districts.

5.      The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, § 1B1.8 [hereinafter "Sentencing Guidelines" or "U.S.S.G."], information that the Defendant provides pursuant to its obligation to cooperate fully under the terms of this agreement shall not be used in determining the Defendant's applicable guideline range.

6.      The Government will inform the Court of the extent of its voluntary cooperation; however, the Defendant understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that it will not be allowed to withdraw its plea of guilty, once entered.

7.      The Defendant will not be prosecuted in the Southern District of Illinois for any other crimes not charged in the Information and now known to the Government or to become known to the Government by virtue of the Defendant's cooperation.

8.      In conjunction with the provisions of paragraphs 1, 2, 3, and 4, above, the Defendant specifically agrees and acknowledges that if it does not cooperate fully or does not testify, through its authorized representatives, truthfully before the Grand Jury or at any trial in any federal district where it is called by the Government as a witness, then the Government is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known to the Government at this time.  It is further understood that no

3

action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw its plea.

      9.     The Defendant acknowledges that it has been advised and does fully understand the following:

        (a)     the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

        (b)     that the Defendant has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it, and the right not to be compelled to incriminate itself;

        (c)     that if the Defendant pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

        (d)     that if the Defendant pleads guilty, the Court may ask it, through its authorized representatives, questions about the offense to which it has pleaded, and if it answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or false statement; and,

        (e)     that if the Defendant pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial.

      10.     The Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between it and the Government and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce it to enter into this Plea Agreement and Stipulation of Facts.

11.     It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

12.     The Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). The Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

13.     The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $400 per felony count. *See* 28 U.S.C. § 3013(a)(2)(B). **The Defendant agrees that it will pay the full amount of the special assessment prior to or at the time of sentencing.**

14.     The Defendant understands that the Court may impose a term of probation between one (1) and five (5) years. *See* 18 U.S.C. § 3561(a), (c)(1); U.S.S.G. §§ 8D1.1-8D1.4. **The Government will recommend a sentence of five (5) years probation and that the conditions of probation be those set forth in U.S.S.G. § 8D1.3-.4.**

15.     The Defendant understands that the Court may impose a fine and costs of supervision.

16.     The Defendant states that it has read this agreement and has discussed it with its attorney, and understands it.

17.     The Defendant understands and agrees that if it commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of this agreement, the Government is not bound by the provisions herein and may request that the Court

5

impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw its plea.

## II.

1.      The Defendant will enter a plea of guilty to the Information charging Misbranding of a Drug in violation of Title 21, United States Code, Sections 331(k), 333(a)(2), and 352(a) (such offense being a felony in that the Defendant acted with the intent to defraud and mislead). The maximum penalty that can be imposed for each violation is a term of probation of five (5) years and a fine of $500,000. *See* 18 U.S.C. §§ 3561(c)(1), 3571(c)(3). With respect to the fine, the maximum alternative fine may be the greater of twice the gross gain or twice the gross loss from the offense. *See* 18 U.S.C. § 3571(d).

2.      The Government and the Defendant agree that the following constitutes the essential elements of **Count 1, Misbranding of a Drug,** that must be proven beyond a reasonable doubt:

FIRST:      That the articles at issue are drugs within the meaning of 21 U.S.C. § 321(g); and

SECOND:      These articles were shipped to the defendant in interstate commerce; and

THIRD:      The defendant caused these articles, while held for sale after shipment in interstate commerce, to become misbranded; and

FOURTH:      "Misbranded" meaning that the labeling of the drug was rendered false or misleading in any particular.

FIFTH:      The defendant acted with the intent to defraud and mislead when the drugs were labeled false or misleading in any particular.

The Defendant agrees and admits that the Defendant's conduct violated these essential elements of the offense.

3.   **Corporate Criminal Liability**

A corporation may be found guilty of an offense.  A corporation acts only through its agents and employees, that is, those directors, officers, agents, employees, or other persons authorized or employed to act for it.  To sustain corporate criminal liability for the acts of a corporate agent or employee, the government must prove the following propositions:

FIRST:     The offense charged was committed by an agent or employee of the corporation;

SECOND:   In committing the offense, the agent or employee intended, at least in part, to benefit the corporation; and,

THIRD:     The acts by the agent or employee were committed within the authority of the agent or scope of the agent's employment.

For an act to be within the authority of an agent or the scope of the employment of an employee, it must deal with a matter whose performance is generally entrusted to the agent or employee by the corporation.  It is not necessary that the particular act was itself authorized or directed by the corporation.  If an agent or an employee was acting within the authority or scope of his employment, the corporation is not relieved of its responsibility because the act was illegal, contrary to the corporation's instructions, or against its general policies.  The Defendant agrees and admits that its conduct violated these essential elements of the offenses

4.     The Government and the Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of ten (10).

5.     The Defendant and the Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $12,000 to $24,000 according to U.S.S.G. § 8C2.7. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, it will not be permitted to withdraw its plea. The Government and the Defendant agree that the offense level calculations submitted by the parties constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. Based upon the concessions made by the Government in this agreement, the Defendant agrees not to seek any sentence below the lowest range of the advisory sentence recommended by the guidelines after all guideline factors have been considered by the Court. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

8

6.    **The Government will recommend the imposition of a fine at the low end of the range found by the Court.**

7.    The Defendant and the Government agree that the following provisions of the United States Sentencing Guidelines (U.S.S.G.) apply to sentencing the Defendant. Because the offense involved fraud, § 2B1.1 must be applied to determine the offense level. U.S.S.G. § 2N2.1(b)(1). The Government and the Defendant agree that the Base Offense Level in this case will be six (6) pursuant to U.S.S.G. § 2B1.1(a)(2). The Government and the Defendant agree that the loss amount is $5,000 or less, resulting in no increase pursuant to U.S.S.G. § 2B1.1(b)(1)(A). The Government and the Defendant agree that the offense involved 28 victims, resulting in the addition of two (2) levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i). A victim-related adjustment of two (2) levels will be applied because the Defendant knew or should have known that the victims of the offense were vulnerable. U.S.S.G. § 3A1.1(b)(1). (A "vulnerable victim" is someone who is unusually vulnerable due to age, physical or mental condition. Application Note 2 to U.S.S.G. § 3A1.1.). Therefore, the Defendant and the Government agree that applying the applicable offense level of ten (10) to the Guidelines indicates an offense level fine of $20,000. *See* U.S.S.G. § 8C2.4(d) (for offense level of ten (10)).

8.    In determining the culpability score, the Defendant and the Government agree that the base level is five (5) points. *See* U.S.S.G. § 8C2.5(a). The Defendant and the Government agree that because the Defendant had approximately six (6) employees at any given time, then the base level is not increased. *See* U.S.S.G. § 8C2.5(b). The Defendant and the Government agree that because the Defendant has fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, then the base level is decreased

9

by two (2) points  *See* U.S.S.G. § 8C2.5(g)(2).  Acceptance under section 3E1.1 does not apply.  *See* U.S.S.G. § 8A1.2, Application note 2.  Therefore, the total culpability score is three (3) points.

9.    In determining the fine range, the Defendant and the Government agree that, applying the culpability score of three (3) points to the Guidelines indicates a minimum multiplier of 0.60 and a maximum multiplier of 1.2.  *See* U.S.S.G. § 8C2.6.  Therefore, fine range is $12,000 to $24,000 pursuant to U.S.S.G. §§ 8C2.7-.8C2.8.

10.    In light of authority for the Court to order restitution in any criminal case to the extent the parties agree as provided in 18 U.S.C. § 3663(a)(3), the Defendant agrees to make restitution.  The Government and the Defendant both agree that restitution will be joint and several with Defendant Ted S. Thalmann.  **The Government and the Defendant agree and stipulate that all restitution shall be paid to Medicare in the total amount of $620.21, less any payments already paid or credited toward that amount.**  The Defendant will receive credit for any restitution amounts already paid that are verified prior to sentencing.

11.    The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter.  Said cooperation will include signing all releases, as requested.

### III.

1.    The Defendant understands that by pleading guilty, it is waiving all appellate issues that might have been available if it had exercised its right to trial.  The Defendant states that it is fully satisfied with the representation it has received from its counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and its defense.

10

2.     The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives its right to contest any aspect of its conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.  The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.  The Defendant knowingly and voluntarily waives its right to seek a pardon, whether before or after its release from custody.

3.     The Defendant's waiver of its right to appeal or bring collateral challenges shall not apply to the following:  (1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and (2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10).  The Government reserves the right to oppose such claims for relief.

4.     The Defendant's waiver of its appeal and collateral review rights shall not affect the Government's right to appeal the Defendant's sentence pursuant to Title 18, United States Code,

Section 3742(b).  This is because United States Attorneys lack any right to control appeals by the Government, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5.      The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6.      The Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

1.      Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions.  The Four L's, Inc. shall provide to the Government and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that the Board of Directors of The Four L's, Inc. has given it signatory authority to enter into the Plea Agreement on behalf of The Four L's, Inc. and that it has done the following:

(a) consulted with legal counsel in connection with this matter;

(b) voted to authorize The Four L's Inc. to plead guilty to the charges specified in the Plea Agreement; and,

(c) voted to authorize a corporate representative to execute the Plea Agreement and any and

12

all other documents necessary to carry out the provisions of the Plea Agreement. The Four L's, Inc. further agrees that a duly authorized corporate officer and/or representative will appear on behalf of The Four L's, Inc. and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors of The Four L's, Inc. approving this Plea Agreement is attached to this document as Exhibit A.

### V.

No matters are in dispute.

_____
THE FOUR L's, INC.
Defendant
by its authorized representative
~~Vickie~~ ~~E.~~ Thalmann
Ted

_____
WILLIAM E. COONAN
Assistant United States Attorney

_____
J. WILLIAM LUCCO
CHRISTOPHER P. THRELKELD
Attorneys for the Defendant

Date: 1/14/10 _____

Date: 1-4-10 _____

13